IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS SPIEWAK, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00813-SDJ-CAN |
| v. | § | |
| | § | |
| LVN KIMBERLEY, ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On September 22, 2022, *pro se* Plaintiff Thomas Spiewak ("Plaintiff") initiated the instant lawsuit through the filing of his Original Complaint [Dkt. 1]. On March 9, 2023, the Court granted Plaintiff's motion to proceed in forma pauperis and ordered Plaintiff to pay an initial partial filing fee of $2.58 within 30 days [Dkt. 4]. On March 27, 2023, the Order was returned as undeliverable [Dkt. 5] ("RETURN TO SENDER - NOT IN CUSTODY"). The Court subsequently ordered Plaintiff to provide the Clerk of Court with his current physical mailing address as required by the Local Rules [Dkt. 6]. That Order was also returned as undeliverable [Dkt. 7] ("RETURN TO SENDER - REFUSED - UNABLE TO FORWARD - NOT IN CUSTODY"). To date, Plaintiff has also failed to pay the filing fee or an initial partial filing fee as ordered by the Court.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the Court, and appellate review is confined solely to whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of

prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).

The Court directed Plaintiff to pay an initial partial filing fee and to provide his current physical mailing address to the Court. Plaintiff failed to comply with these Orders. Indeed, Plaintiff has taken no action in this case since its filing. *See Isom v. Indio Mgmt. at the Everly*, No.4:20-CV-947-SDJ-CAN, 2021 WL 5501786, at *2 ("The Court recommends the instant suit be dismissed under Rule 41(b) for failure to comply with Court Orders and to diligently prosecute."), *report and recommendation adopted*, No.4:20-CV-947-SDJ, 2021 WL 5493377 (E.D. Tex. Nov. 23, 2021); *Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021) (plaintiff's "failure to submit an updated mailing address evinces his failure to prosecute his own case"), *report and recommendation adopted sub nom. Ernest Bob Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3032725 (E.D. Tex. July 19, 2021); *Bennett v. Smith Cnty. Jail*, No. 6:21CV010, 2021 WL 930282, at *1 (E.D. Tex. Feb. 5, 2021) ("Plaintiff's failure to submit an updated mailing address evinces his failure to prosecute his own case."), *report and recommendation adopted sub nom. Bennett v. Smith*, No. 6:21-CV-00010, 2021 WL 926207 (E.D. Tex. Mar. 10, 2021); *see also Cooper v. Rusk Cnty. Jail*, No. 4:22-CV-00771-SDJ-CAN, 2022 WL 18502826, at *1 (E.D. Tex. Dec. 7, 2022), *report and recommendation adopted*, No. 4:22-CV-771-SDJ, 2023 WL 1116521 (E.D. Tex. Jan. 30, 2023) (dismissing pursuant to Rule 41(b) for failure to pay the filing fee or submit a complete application for *in forma pauperis* status); *Brooks v. Kelly*, No. 4:19-cv-00918-SDJ-CAN (E.D. Tex. Apr. 20, 2020), ECF No. 13 (recommending dismissal under Rule 41 after the *pro se* prisoner plaintiff failed to comply with the Court's order requiring payment of the initial partial filing fee), *report and*

*recommendation adopted*, No. 4:19-cv-918 (E.D. Tex. May 14, 2020), ECF No. 15. Accordingly, the present case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute this case and comply with court orders. *See* FED. R. CIV. P. 41(b).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of May, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE